Our first case of the morning is 415-0162, Johnessee v. Schnepf. Will the appellant, Mr. Cochran, for the appellee, Mr. Leonard, you may proceed. Good morning. Our brief focused on three issues. I'll briefly touch on all those three issues, but I wanted to focus on the first one, if I may. And that was our claim that the six-month period under the probate code for filing trust contests applies to this case. And as far as we can tell, this is a case of first impression in Illinois, because we have not been able to find a case that really addresses the specific issue raised here. And we have two very different interpretations of that provision. It's subparagraph F of the probate code there. The plaintiff's and the trial judge interpretation is that it only applies where you have a revocable trust. Our position is that it also applies where you have an irrevocable trust that is receiving a legacy from the settler's will. So that's the difference of opinion. In looking at this, I think first of all you're guided by what the overall legislative intent is of this whole section on the six-month limitation. It's to promote the prompt and orderly administration of someone's estate after they die. So I think you have to keep that in mind when looking at this. And when you look at section F, it specifically addresses two types of instruments. One is an intervivals trust agreement, and the second is a declaration of trust. Now coupled with that, they have some descriptors or adjectives or qualifiers that are kind of bookended in there. On the front end you have revocable, and on the back end you have language about a legacy from the settler's will. And there's really no question that revocable applies to an intervivals trust the way it's structured, and that the legacy language would apply to a declaration of trust just looking at how it's laid out. The question really becomes is whether revocable also applies to the second type of instrument, the declaration of trust. And our position is it does not for a couple of reasons. First of all, it would be redundant because revocable instruments are already covered under the first revocable intervivals trust. So you don't need it to tie with the declaration of trust. But more importantly, if you require a revocable element for the declaration of trust, you're excluding a whole category of irrevocable trust that probably should be within this six-month limitation. And those are irrevocable trusts where there is a legacy pouring over from the settler's will. And when you have that situation, that irrevocable trust gets tied into the administration of the estate of that decedent. And it only makes sense to have it subject to the same six-month limitation. Whereas it doesn't mean all irrevocable trusts. Say you had an irrevocable life insurance trust set up during the settler's lifetime. It really has no play in the administration of that estate. It's a standalone. Nothing is flowing into it. The debt has no impact. It's standalone. And that type of irrevocable trust should be subject to its own five-year statute limitation. But when you have the settler pouring assets into that irrevocable trust, it only makes sense to administer it in the same six-month time frame as will contest or trust contest for revocable trust. And in this case, you look at the consequences if you don't adapt that approach. In this case, assume Melita Schnepp dies. Her propate is promptly opened. Six-month claim period runs. All claims are paid. The estate is closed. The executor distributes the property out, in this case to John Raymond Schnepp. Let's say then they decide they're going to give it to their kids. And their kids move on to build homes and live there. Moving down the road, one day before the five-year general statute of limitation runs, this complaint is filed. Ultimately, it could end up taking that property away from them. So you have a lot of potential for detrimental reliance on it. But if you subject that to the six-month requirement, that all gets handled up front. And it's also fair because when that person dies, their will is immediately filed with the clerk. And the propate is open. All the heirs have access to it. They're on notice of the existence of this trust. They can get copies from the executor. They can get copies from the attorney. If those are resisted, they can file a citation and get that trust and know up front and do their due diligence and decide within that same six-month time frame whether they're going to contest that. So I think it clearly, even with the legislative intent for prompt and early administration, when you have a trust out there that gets implicated in the administration of someone's estate, it should be subject to the same short time frame that the legislator has established. So when you have that will pouring assets into it, you need to tie them together and not leave it hanging out there potentially for another five years after the probate has been closed. Another point that the plaintiffs have brought kind of a technical and said, well, this really isn't a trust contest. But if you look at their complaint, what their complaint, their prayer is, they want this modification set aside and nullified. That's exactly the same language used in subsection F about, you know, setting aside or contesting the validity. So they're clearly doing that. And I think the Supreme Court long ago in the Diebler case established that, you know, it's like a rose by any other name is still a rose. If the relief you're requesting is the nullification of setting aside of something, it's a contest. So we think that argument doesn't hold water. And the bottom line is, you have a complaint that was filed almost 17 months after the will was amended to probate. Clearly well beyond the six-month statutory period. We think based on that, it's a fatal flaw. And this really point resolves everything because there's really no jurisdiction to even consider this complaint by, you know, the trial court, by the Teleport, even the Supreme Court. The second issue we touched on was the conventional trust aspect. And we may be wrong in our assessment, but this court previously ruled in this case that the trust, the 2001 trust was not an amendable land trust. Our reading of the court's opinion was that it didn't address whether this trust was amendable as a conventional trust. We may be wrong in that assessment, but we're proceeding on the assumption that's still an open issue. And if it's an open issue, the right to modify either can be expressed or can be implied in Illinois. And if it's not, when you look at an implication, you've got to look at the trust document itself. And if there are no retained rights, it's clearly irrevocable. But to the extent you start piling up retained rights on that, it leans more and more to the side of there being an implied right to amend. And in this case, you look at that original trust agreement. Melita Schmidt was the sole trustee. She was the sole beneficiary. She took tile to all the property. She had full power and control over that beneficial interest. She had full management and control of the property. She had the full power to direct the trustee, which is herself, in dealing with the property, including conveying it. So I think when you look at all those retained rights, it is fair to imply that it was intended to be revocable or modifiable by the settlor. And we would ask the court to consider that now. We are hopeful that the court has not already foreclosed that option by their earlier ruling. We would submit that as a basis for also upholding the 2005 modification. And the last point is the constructive trust. And I won't belabor that. I think we've made it clear the factual context here. You have Melita Schmidt establishing a trust in 2001, where she had all the lifetime interests, and then her son Lyndal had the succeeding lifetime interest in that property. Following that activity in 2001, things changed. And it's in the record. We didn't get the actual court files, but the fact that between 2001 and 2005, Lyndal Schnepp and her mother engaged in seven adversarial lawsuits in Pike County against each other. So things had changed. In 2005, she comes in and does three things. First, she modifies her trust, which this court has invalidated, but we have to look at her frame of mind. She modified that trust to cut out Lyndal, essentially replace him with John and Raymond, two of her other sons. Then she revised her will consistent with that, again providing for John and Raymond. And the last thing she did, after she had modified the trust, she had thought, definitely revised her will, she did a new deed with new property and conveyed it into that trust. And I think it's... there really can be no question what she thought she was doing. She thought she was conveying this additional farm ground in there for the benefit of her other two sons, John and Raymond. But she had no stretch of the imagination thought that Lyndal Schnepp would benefit from this second farm being deeded into. And the way it stands now, that's exactly what's going to happen. He'll have the lifetime enjoyment of that second farm. So we think in the interest of equity and fairness that at a minimum, if we haven't prevailed on the first two points, the court has to establish a constructive trust for that second farm and keep it from going to Lyndal's benefit and have it flow to where Leah Schnepp clearly intended it to go, and that would be to the benefit of her two sons, John and Raymond. With that, that's all I had to say. May I entertain any questions? No, thank you. Thank you. Your Honor, Mr. Cochran. One point I would like to make, I guess, that I think applies to all three portions of Mr. Cochran's argument, is he keeps referring to this modification. The modification is nullity. It doesn't exist. That is based upon this Court's prior ruling, and so he attempts to bootstrap his arguments by stating the premise that there was a modification. There was no modification. Now, the law of the case was that this matter was decided by this Court, and when they tried to assert their statute of limitations by a motion to dismiss, that was denied correctly by the Court. As Mr. Cochran says, or he acknowledges, there's no precedent that he can find. It's first impression. And with the statute of limitations argument, that really should have been brought up in the first appeal, because when we filed our complaint, the defendants filed an answer, and they did not attempt to dismiss our complaint based on any statute of limitations. So from our point of view, that's by the boards after the first appeal is decided. Now they want to go back, which is the same thing they're doing with the constructive trust argument. That counterclaim should have been filed prior to the first appeal, when they filed their answer to our complaint. I believe there are two orders that were entered by Judge Brannon after the remand. He granted, I believe, our motion for judgment on the pleadings, which does not involve any factual determinations. And then he also granted our motion for summary judgment. So our position is that if this Court can affirm either of those rulings, then the trial court's judgment after the remand should be affirmed. Now with respect to this argument that the trust is amendable, again, it seems to me that the law of this case was established by the first appeal. The trust is not amendable, and in effect what Mr. Cochran is asking this Court to do today is to overturn his prior ruling in the first appeal. That makes no sense. The ruling was correct. Even procedurally, I don't think it's permissible. With respect to the constructive trust, this issue of these seven disputes that are referenced in the appellant's brief, they tried to bring that up twice, at least twice in the trial court, and Judge Brannon both times rejected that, said it would not be considered. So although it's brought up, it's not in the record. I don't understand how that would be any different than if, in a case where evidence is offered and the Court rejects the evidence, sustains an objection, it's not part of the record. And if you want to bring that in, this appeal should be challenging the correctness of Judge Brannon's ruling, which they're not doing. They're just asking this Court to consider that information, which was rejected by Judge Brannon. And then with respect to the constructive trust issue, we believe that the reasoning of Judge Brannon, based upon our presentations in the trial court, are correct. I would point out that I think our brief adequately addresses that, but none of the cases which are proposed to be precedent for the defendant's position with respect to the constructive trust are constructive trust cases. So with that, Your Honors, we would ask that this Court affirm the trial court's judgments. No questions. Thank you. Just a couple of points. First of all, there's no question we could have brought up the motion to dismiss up front, and maybe we should have. And there were reasons, whether good or bad, that that wasn't done. But that doesn't change the fact that the requirements are jurisdictional, and they cannot be waived, regardless of the conduct of the parties. So they're out there, and they can be asserted at any time if this Court has an obligation to consider its own subject matter jurisdiction. Second point, the constructive trust only became a necessary element of our case after this Court overturned the trial court and ruled that the trust was not a land trust and amendable. Because if it would have been, as the trial court had ruled, there would have been no need for a constructive trust. So as soon as that occurred, we filed our amendment to add the constructive trust counterclaim. And lastly, on these seven lawsuits, they are in the record. The plaintiff has never denied their existence. What has not happened is the physical files have been introduced as part of the record, and that's fine. But the fact that there were seven cases, they're identified by case number, those are in the record, they weren't disputed, so I think they are a valid consideration to put into context of evaluating the constructive trust claim. Thank you. We'll take this matter under advisement to get the readiness of the next case.